IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jean Paul Fleming,                           ) | C/A No. 2:07-1212-MBS |

Jean Paul Fleming,       )
             ) C/A No. 2:07-1212-MBS
      Plaintiff,    )
             )
  vs.           )
             )  **O R D E R**
Cecilia R. Reynolds, Warden of Kershaw )
Correctional Institution; Donald Beckwith, )
Associate Warden; Julie McKay, Associate )
Warden; Jerry Washington, Major;  )
Penny West, Mail Room,    )
             )
      Defendants.   )
_____)

Plaintiff Jean Paul Fleming is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Kershaw Correctional Institution (KCI) in Kershaw, South Carolina. Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Cecilia R. Reynolds, Donald Beckwith, Julie McKay, Jerry Washington, and Penny West, employees of KCI, violated his constitutional rights with respect to the handling of his mail. Plaintiff seeks actual and punitive damages and requests that criminal charges be brought against Defendants. See generally Complaint (Entry 6).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act. On July 2, 2007, the Magistrate Judge issued a Report and Recommendation in which he recommended that the case be dismissed because Plaintiff admits he has not exhausted his administrative remedies as mandated by 42 U.S.C. § 1997e(a). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is **dismissed without prejudice** and without issuance and service of process.

Plaintiff's name was included on a list of persons purporting to request a refund of the filing fee. See Charles v. Reynolds, C/A No. 2:07-1050, Entry 18 (letter from Mr. Charles seeking a refund of filing fee for himself and for persons whose names are circled on an attached list). To the extent the request is properly before the court, the court is without authority to waive payment of the filing fee. See 28 U.S.C. § 1915(b) (providing that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner *shall* be required to pay the full amount of a filing fee") (emphasis added); c.f. Lee v. Stieneke, 134 F.3d 363 n.1 (4th Cir. 1998) (unpublished disposition). Plaintiff's request to

waive the filing fee is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 26, 2007.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**